EAGLE MANUF'G CO. v. CHAMBERLAIN PLOW CO.

(*Circuit Court, N. D. Iowa, E. D.* December 13, 1888.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—CULTIVATORS.

Letters patent No. 242,497. to E. A. Wright, for an improvement in cultivators, the object of which is to assist in raising the beams, by means of a combination of a wheeled frame, and vertically rotating beams, with lifting springs so attached that a greater lifting effect is produced as the beam is elevated, without having the springs exert any material lifting strain while the cultivator is in operation, are infringed by a device consisting of a spiral spring connected with an arched axle, and with a shoulder upon the sleeve, to which the drag-beam is attached, so that when the beam is in its operative position the spring exerts no lifting effect, but, when the same is elevated, the shoulder is rotated forward, and the spring operating on the shoulder as a lever assists in raising it.

2. SAME—PRELIMINARY INJUNCTION.

On a bill to restrain the infringement of a patent for an improvement which constitutes but a small part of the machine, when the question of infringement is open, and defendant avers that he had no knowledge of complainant's patent before suit brought, and that he obtained no aid from the invention specified in it, and for some years has manufactured the improved machines, a preliminary injunction will be refused on condition that defendant files periodical statements of the number manufactured since suit brought, and deposits with the clerk a reasonable royalty for each, and files a bond for performance and for payment of damages.

In Equity. On motion for preliminary injunction.

Bill by the Eagle Manufacturing Company against the Chamberlain Plow Company to restrain the infringement of letters patent No. 242,497, issued to E. A. Wright, June 7, 1881.

*Nathaniel French*, for complainant.

*Powers & Lacy*, for defendant.

SHIRAS, J. The complainant corporation is the owner of letters patent No. 242,497, issued to E. A. Wright, for an improvement in walking cultivators, and in the bill herein filed avers that the defendant corporation is manufacturing and selling cultivators containing the improvement covered by the Wright patent in violation of the rights of complainant, and, in aid of the relief prayed in the bill, a motion is made for the granting of a preliminary injunction. In the cases of *Manufacturing Co.* v. *Bradley*, and *Same* v. *Moline, M. & S. Co.*, 35 Fed. Rep. 295, 299, the Wright patent was sustained as valid, and the defendants were restrained from infringing the same. In the light of these decisions it is not nec-

essary to reinvestigate the validity of the patent against the allegation of want of patentable novelty therein.

On the question of infringement, an examination of one of the cultivators manufactured by the defendant company shows that it utilizes the conception of exerting a lifting effect upon the drag-beams of the cultivator, through the operation of a spring connected with the arched axle, and with a shoulder upon the sleeve to which the drag-beam is attached. The spring is in the form of a spiral, and when the drag-beam is in its operative position the shoulder and spring are substantially in a right line above the horizontal end of the axle, and consequently the spring, though then at its greatest tension, does not exert any lifting effect upon the drag-beam. When the drag-beam, however, is lifted, the shoulder to which the spring is attached at its lower end is rotated forward, and the pressure of the spring operating on the shoulder as a lever, tends to raise the drag-beam. In the case of *Manufacturing Co.* v. *Moline, M. & S. Co.*, *supra*, the patent issued to William Evans, No. 266,123, was considered, and held to be an infringement of the Wright patent. In the Evans combination is found a spiral spring attached to the upright of the arched axle, the lower end being attached to an arm or shoulder upon a rock-shaft placed either in front or in rear of the main axle, the lock-shaft being fastened to or connected with the drag-beam. In both the Evans combination and in that of defendant, we find a spiral spring attached to the upright of the arched axle, operating upon a projecting arm or shoulder which, acting as a lever, when the free end of the drag-beam is lifted, aids in raising the drag-beam. In the Evans combination the arm through which the spring acts is attached to the rock-shaft because the drag-beam is connected therewith. In defendant's combination the arm or shoulder through which the spring acts is attached to the sleeve through which the axle operates, because the drag-beam is attached thereto. These differences are simply modifications in the mere mode of attaching the lower end of the spring, the resulting effect being the same. If the Evans combination is an infringement of the Wright patent, it is impossible to avoid the conclusion that the combination used by defendant is likewise an infringement.

On behalf of defendant it is asked that, in case the court should be of opinion that the cultivators manufactured by defendant are an infringement, the defendant be allowed to give security, and be permitted to continue its business until the final hearing. It cannot be said that the fact of infringement is established beyond question. The case is not one wherein the defendant admittedly is using the device or invention claimed by complainant, but denies liability on the ground alone of the invalidity of complainant's patent. Admitting the validity of complainant's patent to be fairly established by the prior decisions, still the question remains whether the defendant's combination is the same as complainant's in such sense as to be an infringement. This question has not been passed upon in any of the prior decisions, and it cannot be finally determined until the hearing upon the merits. In the answer filed the defendant avers that it had no knowledge of the existence of the patent to Wright until

this suit was brought, and in the affidavits filed it is shown that the defendant entered upon the manufacture of its cultivators without aid from the Wright invention. These facts of course do not change the fact that such manufacture may be an infringement, but the same have weight upon the question whether the preliminary injunction shall at once be issued. It furthermore appears that the Wright patent was issued June 7, 1881, and by the affidavit of E. P. Lynch, the president of the complainant company, it appears that the defendant has been for some years past engaged in the manufacture of the cultivators which it is now claimed are infringements on the rights of complainant. It may well be urged, therefore, that the defendant company was not bound to know or assume that the complainant objected to the manufacture of the cultivators of the style made by defendant, until this suit was brought. The patented improvement forms but a small part of the cultivator, and to enjoin the defendant now from the sale of those it has manufactured, would entail a very serious loss upon the defendant, out of all proportion to the damage to complainant. Under the circumstances of the case, part of which are above suggested, and in view of the fact that defendant offers to account for all cultivators now on hand or manufactured containing the alleged infringement, and to deposit the sum of 50 cents for each machine as a reasonable royalty thereon, the order will be that, if the defendant will, within 15 days from the 13th day of December, 1888, file a written statement showing the number of cultivators having the infringing device attached thereto, which it had on hand or belonging to it on the 9th day of August, 1888, the day this bill was filed, together with the number it has since manufactured, and shall deposit with the clerk of this court 50 cents for each of said cultivators, and shall also file a bond in the sum of $2,500, with good and sufficient surety or sureties, to be approved by the clerk of this court, conditioned that the defendant will well and truly perform all the conditions of this order, and also pay all damages and costs that may be awarded against it, if any, upon the final hearing of this cause, then the writ of preliminary injunction shall not issue until further order of the court or judge thereof; but should the defendant fail or refuse to give said bond and file said statement within the time fixed herein, said writ of injunction shall issue as prayed for. It shall further be the duty of defendant, as one of the conditions of this order and bond, to file with the clerk of this court, every three months, beginning with the 15th day of March, 1889, a statement in writing showing the further number of cultivators by it manufactured, containing the device alleged to be an infringement of the Wright patent owned by complainant, from and after the date of the last statement filed, and further to deposit with the clerk of this court the further sum of 50 cents for each machine so manufactured; such statements to be filed until the final hearing of this cause. The sums of money so deposited shall be held by the clerk in the registry of the court, to be disposed of according to the rights of the parties as finally adjudged by this court.